IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MARGARET J. BARCLAY,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ] **Case No.: 1:14-cv-01573-KOB** |
| **FIRST NATIONAL BANK OF TALLADEGA,** | ] |
| **Defendant.** | ] |

**MEMORANDUM OPINION**

This matter comes before the court on Defendant First National Bank of Talladega's ("FNB Talladega") "Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for a More Definite Statement." (Doc. 6). Plaintiff Margaret J. Barclay filed a complaint alleging violations of 42 U.S.C. § 2000e *et seq* ("Title VII") and 42 U.S.C. § 1981. (Doc. 1). Barclay alleges that FNB Talladega denied her a promotion because of her race, that FNB Talladega terminated her in retaliation for filing a charge of discrimination, and that FNB Talladega subjected her to "unequal treatment." (Doc. 1). FNB Talladega argues that Barclay's complaint should be dismissed because she failed to exhaust administrative remedies for her claims and because her complaint does not plausibly state a claim for relief under Title VII or § 1981. (Doc. 6). Alternatively, FNB Talladega argues that Barclay should be required to file a more definite statement of her claims. (Doc. 6).

The court **GRANTS** FNB Talladega's motion to dismiss for Barclay's Title VII "unequal treatment" claim, § 1981 "unequal treatment" claim, and Title VII failure to promote claim and

1

**DENIES** the remainder of FNB Talladega's motion. The court **DISMISSES** the insufficient claims **WITHOUT PREJUDICE**.

**I.**     **Standard of Review**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The analysis is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere

possibility of misconduct." *Id.* at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

**II.     Facts and Procedural History**

Barclay is an African American female who worked for FNB Talladega in various positions for thirty-nine years beginning in 1974. (Doc. 1, ¶¶ 3, 7). Barclay alleges that FNB Talladega denied her a promotion to Supervisor on August 8, 2011 and instead awarded the position to a white employee. (Doc. 1, ¶ 8).

Barclay filed her first Equal Employment Opportunity Commission ("EEOC") charge, numbered 420-2011-02710, on August 23, 2011. (Doc. 9, 7). The parties have not submitted the 2011 EEOC charge to the court. According to Barclay, her 2011 EEOC charge initiated an investigation into FNB Talladega for "discriminat[ing] against her because of her age and race in regards to a promotion to Supervisor in the Bookkeeping department." (Doc. 9, 6). FNB Talladega "vehemently denied [Barclay's] allegations." (Doc. 9, 6). The EEOC "issued a reasonable cause finding in [Barclay's] favor." (Doc. 9, 6). The EEOC issue a right to sue letter for the 2011 EEOC charge on August 8, 2013, but Barclay never received it. (Doc. 9, 7).

FNB Talladega terminated Barclay on July 17, 2013. (Doc. 1, ¶ 10). Barclay states that FNB Talladega said it terminated her for "allegedly violating company policy," (Doc. 1, ¶ 10), but that, in fact, this rationale was a pretext and FNB Talladega actually terminated her in retaliation for filing her 2011 EEOC charge. (Doc. 1, ¶ 17)

Barclay filed her second EEOC charge, numbered 420-2013-02728, on November 5, 2013. (Doc. 6-1, 2). The 2013 EEOC charge is attached to FNB Talladega's motion to dismiss

(Doc. 6-1, 2).[1] In the 2013 EEOC charge, Barclay marked "Retaliation" in the "type of discrimination" check boxes but did not mark "Race," "Age," or any other basis. (Doc. 6-1, 2). Barclay marked July 17, 2013 as the date the instance of discrimination took place. (Doc. 6-1, 2). The narrative of Barclay's 2013 EEOC charge read:

> I filed a previous charge with the EEOC (420-2011-02710), wherein I complained of being discriminated against because of my Age and Race. On July 17, 2013, my employment was terminated after 39 years of loyal service. I was accused of an infraction that is common practice among other employees.
>
> I was terminated after authorizing a $75.00 check without being a signer on the account for a family member. About 90% of the employees have signed on customers and other employee's accounts where they are not co-signers on the account with nothing being done. None of the other employees were involved in legal actions with the employer.
>
> I believe I have been retaliated against and terminated because I complained of protected activity and for filing a charge of discrimination with the EEOC. This is in violation of section 704(a) of Title VII of the 1964 Civil Rights Act, as amended.

(Doc. 6-1, 2). The EEOC mailed Barclay a right to sue letter for her 2013 EEOC charge on May 28, 2014. (Doc. 6-1, 3).

Barclay filed her complaint on August 13, 2014. (Doc. 1). Barclay's complaint alleges race discrimination resulting in Barclay's denial of promotion in 2011, (Doc. 1, ¶¶ 2, 8, 11), retaliation resulting in Barclay's termination in 2013, (Doc. 1, ¶¶ 2, 9, 10, 11, 17, 18), and "unequal treatment." (Doc. 1, ¶¶ 11, 18). Both parties agree that the only right to sue letter Barclay received within ninety days of filing her complaint was for the 2013 EEOC charge. (*See*

---

[1]The court may consider the 2013 EEOC charge on a motion to dismiss without converting the motion to one for summary judgment because the 2013 EEOC charge is central to Barclay's complaint and both parties accept the 2013 EEOC charge as authentic. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Doc. 6, 3; Doc. 9, 7).

**III.     Rule 12(b)(6)**

Defendant FNB Talladega argues that Plaintiff Barclay's Title VII and § 1981 claims should be dismissed because Barclay has not pled the minimal facts necessary to state a plausible claim for relief under Rule 12(b)(6).[2] (Doc. 6, 5). Barclay claims, under Title VII and § 1981, that FNB Talladega did not promote her because of her race, that FNB Talladega terminated her in retaliation for filing an EEOC complaint, and that FNB Talladega subjected her to "unequal treatment." (Doc. 1). The court finds that Barclay has pled sufficient facts to support her failure to promote and termination claims but has not pled sufficient facts to support her claim of "unequal treatment."

**A.     Barclay's Failure to Promote Claims**

Barclay's Title VII and § 1981 claims alleging that FNB Talladega did not promote her because of her race are supported by sufficient facts to survive a motion to dismiss.

"A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss."[3] *Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed. App'x 935, 937 (11th

---

[2]Except for the requirement of administrative exhaustion discussed in Section IV, Title VII and § 1981 "have the same requirements of proof and use the same analytical framework, therefore [the court] shall explicitly address the Title VII claim with the understanding that the analysis applies to the § 1981 claim as well." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)

[3]To show a *prima facie* case of race discrimination, Barclay "must carry the initial burden under the statute . . . by showing (I) that [she] belongs to a racial minority; (ii) that [she] applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite [her] qualifications, [she] was rejected; and (iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."

5

Cir. 2011). Rather, "complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Henderson*, 436 Fed. App'x at 937 (finding that allegations that plaintiff was African American, was pre-qualified for a loan, that the terms of the loan changed, and that she was ultimately rejected for the loan when she complained are "conclusory and insufficient under the *Twombly* pleading standard.). Thus, to survive a motion to dismiss, Barclay does not have to establish a *prima facie* case of discrimination. Instead, Barclay's complaint must "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks omitted).

      FNB Talladega argues that Barclay fails to allege specifics about the position FNB Talladega denied her. (Doc. 6, 6). FNB Talladega argues that Barclay fails to identify "the position sought, her qualifications, the date of the opening, whether or how she applied, the identity of the person who received the position, and her reason for believing the denial was related to race or protected activity." (Doc. 6, 6). However, Barclay is not required to provide this detailed information, which may be necessary for a *prima facie* case, in her complaint. She merely must plead enough factual matter to suggest intentional race discrimination.

      Barclay's complaint contains facts suggesting intentional race discrimination. First, Barclay states she is a member of a racial minority. (Doc. 1, ¶ 3). Second, Barclay states she "was denied a promotion to Supervisor" and, though she does not specifically state she was qualified

---

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, (1973). "The burden then must shift to [FNB Talladega] to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* Finally, the burden shifts back to Barclay to show that FNB Talladega's reason is pretext. *Id.* at 804.

for the Supervisor position, she does allege that she has worked for FNB Talladega for thirty-nine years and has held various positions at the company. (Doc. 1, ¶ 7). Third, Barclay states that FNB Talladega rejected her. (Doc. 1, ¶ 7). Fourth, Barclay states that FNB Talladega awarded the position to a white employee. (Doc. 1, ¶ 8). Barclay's allegations suggest intentional race discrimination.

While FNB Talladega argues that Barclay's complaint "epitomizes speculation," *see Davis*, 516 F.3d at 974, Barclay provides enough facts to plausibly state Title VII and § 1981 failure to promote claims.

B.    **Barclay's Termination Claims**

Barclay's Title VII and § 1981 claims alleging that FNB Talladega terminated her in retaliation for filing an EEOC charge are supported by sufficient facts to survive a motion to dismiss.

For a retaliation claim, "[a]lthough a Title VII complaint need not allege facts sufficient to make out a . . . prima facie case, . . . it must provide enough factual matter (taken as true) to suggest . . . discriminatory retaliation." *Marshall v. Mayor & Alderman of City of Savannah, Ga.*, 366 Fed. App'x 91, 100 (11th Cir. 2010) (quoting *Davis*, 516 F.3d at 974).[4]

FNB Talladega argues that Barclay's retaliation claim should be dismissed because she

---

[4]"A *prima facie* case of retaliation requires [Barclay] to show that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is some causal connection between the two events." *Marshall*, 366 Fed. App'x at 100. "Once [Barclay] establishes [her] prima facie case, [FNB Talladega] must proffer a legitimate, non-discriminatory reason for the adverse employment action. If [FNB Talladega] offers legitimate reasons for the employment action, [Barclay] must then demonstrate that [FNB Talladega's] proffered explanation is a pretext for retaliation." *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997) (internal citations omitted).

does not identify when she complained, to whom she complained, what she might have complained about, and the specifics of the policy Barclay alleged as a pretext for her termination. (Doc. 6, 7).

Barclay has provided enough factual matter to suggest FNB engaged in discriminatory retaliation. Barclay "complain[ed] about said discriminatory treatment" and "fil[ed] a previous EEOC Charge contesting said discriminatory conduct." (Doc. 1, ¶ 16). Barclay "was terminated on July 17, 2013 for allegedly violating company policy." (Doc. 1, ¶¶ 10, 17). The termination was allegedly retaliatory because "similarly situated employees at FNB [Talladega] violated the same policy as plaintiff and were not terminated." (Doc. 1, ¶ 10). Barclay further describes the policy violated in her 2013 EEOC charge stating "I was terminated after authorizing a $75.00 check without being a signer . . . . About 90% of the employees [have violated this policy]. None of the other employees were involved in legal actions with the employer." (Doc. 6-1, 2). Barclay's complaint suggests intentional racial discrimination and, thus, has plausibly stated a claim.

FNB Talladega argues that, like the plaintiff in *Uppal v. Hosp. Corp. of America*, 482 Fed. App'x 394, 397 (11th Cir. 2012), Barclay's termination claim is insufficient because she fails to allege that the other employees who broke the policy were not African American. (Doc. 6, 7). In *Uppal*, a female physician of Indian descent claimed she lost her emergency room privileges after complaining about discrimination. *See* 482 Fed. App'x at 397. "Dr. Uppal . . . stated multiple claims for employment discrimination based solely on the repeated allegation that '[o]ther similarly situated employees outside Plaintiff's protected classes' engaged in similar misconduct, but were not disciplined." *Id*. The Eleventh Circuit found Dr. Uppal's complaint

8

insufficient because she failed to include "*any* factual detail, *such as* even a brief description of how the alleged comparator employees were outside of her protected class." *Id*. (emphasis added).

In contrast, Barclay's 2013 EEOC charge clearly alleges that "[n]one of the other employees were involved in legal actions with the employer." (Doc. 6-1, 2). The protected class here is not African Americans FNB Talladega did not promote for discriminatory reasons but, rather, those FNB Talladega employees who exercised their right to complain about allegedly discriminatory treatment by FNB Talladega. Thus, Barclay has stated an allegation that comparator employees were outside a protected class. Also, FNB Talladega misreads the holding of *Uppal*. The rule from *Uppal* is not that a particular type of factual detail must be included in the complaint. Rather, *Uppal* stands for the proposition that threadbare recitations of the elements of a claim are insufficient to defeat a Rule 12(b)(6) motion. Here, Barclay's complaint goes beyond a recitation of the elements of a retaliation claim and states plausible facts sufficient for Title VII and § 1981 retaliation claims.

### C.   Barclay's "Unequal Treatment" Claims

Barclay's Title VII and § 1981 "unequal treatment" claims are insufficient to survive FNB Talladega's motion to dismiss. FNB Talladega argues that Barclay's allegations that she was "treated differently," (Doc. 1, ¶ 11), and "subjected to unequal treatment," (Doc. 1, ¶ 18), are insufficient to state claims. (Doc. 6, 8). The court finds that these allegations, if unrelated to Barclay's failure to promote or termination claims, are insufficient because, standing alone, Barclay's bare assertion of "unequal treatment" does not provide enough factual matter to suggest intentional discrimination. Barclay provides no factual detail, separate from the facts

supporting her failure to promote and termination claims, about how she was treated differently, who treated her differently, or when she was treated differently.

In summary, Barclay has included "nonconclusory descriptions of specific, discrete facts of the who, what, when, and where variety," *Watts v. Ford Motor Co.*, 519 Fed. App'x 584, 587 (11th Cir. 2013), sufficient to state a plausible claim for her Title VII and § 1981 failure to promote claims and her Title VII and § 1981 termination claims, but not for her Title VII and § 1981 "unequal treatment" claims. "Whether [those remaining] claims will withstand discovery and a motion for summary judgment remains to be seen." *Id*.

## IV. Administrative Exhaustion

FNB Talladega also argues that Barclay failed to exhaust administrative remedies before filing her complaint because the only relevant EEOC charge refers to her retaliatory termination but not to a racially motivated denial of promotion. (Doc. 6, 2). The court finds that Barclay has not yet exhausted administrative remedies for her *Title VII* failure to promote claim because Barclay has not yet received a right to sue letter for her 2011 EEOC charge and the 2013 EEOC charge does not provide a basis for her failure to promote claim to proceed.

### A. No Right to Sue Letter for 2011 EEOC Charge

Barclay bases her complaint on two statutes, Title VII and § 1981. (Doc. 1). Before filing a *Title VII* action in federal court, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the last act of discriminatory treatment.[5] 42 U.S.C. § 2000e-5(f)(1). After a plaintiff files a charge, the EEOC investigates the claim and sends a right to sue letter in certain

---

[5]In contrast, *§ 1981* does not require the plaintiff to file an EEOC charge. Thus, Barclay's § 1981 failure to promote claim is not dismissed for failure to exhaust administrative remedies.

circumstances, including when the EEOC issues a "reasonable cause" finding of discrimination. 29 C.F.R. §§ 1601.19(a), 1601.28(b). A plaintiff must then file a Title VII complaint within ninety days of receipt of the letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1).

Thus, to have administratively exhausted her failure to promote claim, Barclay must have included the claim in a complaint filed within ninety days of receipt of a right to sue letter covering the claim. 42 U.S.C. § 2000e-5(f)(1). According to Barclay, she included the failure to promote claim in her 2011 EEOC charge, the EEOC investigated the failure to promote claim, and the EEOC generated a right to sue letter for the 2011 EEOC charge. (Doc. 9, 7). However, according to Barclay, she never *received* the right to sue letter. (Doc. 9, 7) ("The plaintiff has, to this day, never received a right to sue on the [2011] charge.").

The court cannot hear Barclay's Title VII failure to promote claim until she receives a right to sue letter from the EEOC. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973) (finding that two "jurisdictional prerequisites" for a federal Title VII action are "(I) . . . filing timely charges of employment discrimination with the [EEOC] and (ii) . . . receiving and acting upon the [EEOC's] statutory notice of the right to sue, 42 U.S.C. ss 2000e—5(a) and 2000e—5(e)."); *Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682, 683 (11th Cir. 1984) ("the plaintiff must file suit within ninety days of receiving the right-to-sue notice [and] the 90-day time period commences . . . upon receipt.").

Thus, Barclay's Title VII failure to promote claim is premature because she has not yet received a right to sue letter from the EEOC for the failure to promote claim included in the 2011 EEOC charge.

### B.      2013 Right to Sue Letter Irrelevant

Even though Barclay has not received a right to sue letter for her 2011 EEOC charge, which contained her Title VII failure to promote claim, she seems to argue that her failure to promote claim is administratively exhausted based on the right to sue letter she received for her 2013 EEOC charge. (*See* Doc. 6-1, 3).

The court is "extremely reluctant to bar Title VII claims based on procedural technicalities and will allow judicial claims that amplify, clarify, or more clearly focus the EEOC complaint allegations." *Hillemann v. Univ. of Cent. Fla.*, 167 Fed. App'x 747, 749 (11th Cir. 2006) (internal quotation marks omitted). However, "the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)(internal quotation marks and citations omitted).[6]

Barclay's complaint encompasses the factual allegations of both her 2011 and 2013 EEOC charges. (Doc. 1). Thus, she seems to argue that the right to sue letter she received for her 2013 EEOC charge encompasses the failure to promote claim from her 2011 EEOC charge because the EEOC's investigation of the 2013 EEOC charge could reasonably be expected to include the failure to promote claim. The court disagrees.

First, the right to sue letter Barclay received for her 2013 EEOC charge references only the 2013 EEOC charge number. (6-1, 3). Additionally, the 2013 EEOC charge itself only makes passing reference to race discrimination but does not mention the failure to promote incident in

---

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the narrative at all. (Doc. 6-1, 2). Further, the dates of discrimination listed in the charge refers to the date of her termination and not to the date FNB allegedly denied her a promotion. (Doc. 6-1, 2). Thus, the 2013 EEOC charge clearly covers an allegation of retaliatory termination and clearly does not cover a claim for failure to promote because of race.

Second, allowing Barclay to bootstrap her 2011 failure to promote claim into her 2013 EEOC charge is inconsistent with the policy of EEOC administrative exhaustion. One of the purposes of exhausting administrative remedies by filing an EEOC charge is "to give the EEOC an opportunity to settle the grievance." *Francois v. Miami Dade Cnty.*, Port of Miami, 432 Fed. App'x 819, 822 (11th Cir. 2011). The EEOC has not yet resolved the 2011 failure to promote grievance because, according to Barclay, she has not yet received a right to sue letter. (Doc. 9, 6). The court will not circumvent the EEOC's investigation of the 2011 incident by bootstrapping it into the 2013 EEOC charge.

In summary, Barclay's Title VII failure to promote claim has not yet been administratively exhausted because she has not received a right to sue letter for her 2011 EEOC charge and her 2013 EEOC charge and right to sue letter are not a basis for her failure to promote claim. Barclay is not without a remedy for her Title VII failure to promote claim, however. Once she receives a right to sue letter for her 2011 EEOC charge, she is free to bring her Title VII failure to promote claim within the ninety day statutory period to file suit. Thus, Barclay's Title VII failure to promote claim is dismissed without prejudice.

Finally, even if Barclay's "unequal treatment" claim plausibly stated a claim for relief, which it does not, as discussed above in Section III, Barclay's Title VII "unequal treatment" claim has not been administratively exhausted because it is not referenced in either her 2011 or

2013 EEOC charges.

**V.      Shotgun Pleading**

Defendant FNB Talladega argues that Plaintiff Barclay's complaint does not comply with the requirements of Rules 8(a)(2) and 10(b) because Barclay "lumped together in a single count an indeterminate number of alleged adverse actions, two statutes, two theories of recovery, and three possible statutes of limitations" making it "impossible" to determine what Barclay claims. (Doc. 6, 5). FNB Talladega also argues that Barclay's complaint re-alleges previous allegations in paragraph six and fifteen of her complaint, making it impossible to discern what Barclay is saying. (Doc. 6, 5). FNB Talladega argues that this "shotgun" complaint should be dismissed.[7] The court disagrees.

"The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Grimsley v. Marshalls of MA, Inc.*, 284 Fed. App'x 604, 610 (11th Cir. 2008). "In addition, Rule 10 requires each claim founded on a separate transaction or occurrence to be stated in separate counts if needed for clarity." *Id*. "These rules work together so that [the plaintiff's] adversary can discern what he is claiming and frame a responsive pleading." *Id.*

Here, Barclay alleges only three instances of discriminatory conduct by FNB Talladega: (1) failure to promote her in 2011, (Doc. 1, ¶¶ 8, 11), (2), her termination in 2013, (Doc. 1, ¶¶ 9,

---

[7]A "shotgun" style complaint exists when "each count . . . adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four. . . . [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

10, 11, 17), and (3) "unequal treatment." (Doc. 1, ¶¶ 11, 18). Barclay alleges only two types of prohibited conduct: (1) race discrimination, (Doc. 1, ¶¶ 2, 11), and (2) retaliation. (Doc. 1, ¶¶ 2, 11, 17, 18). Barclay's complaint is not so long or complex that FNB Talladega cannot sift through the facts in the complaint and "discern what [Barclay] is claiming and frame a responsive pleading." *Grimsley*, 284 Fed. App'x at 610. FNB Talladega has managed to separate out the claims in its motion to dismiss and can continue to do so moving forward.

The court and FNB Talladega can understand Barclay's complaint. Barclay is not required to replead her surviving claims.

## VI.  Violation of Court Orders

Plaintiff Barclay argues that Defendant FNB Talladega's motion should be dismissed because FNB Talladega did not contact counsel for Barclay before filing its motion for a more definite statement and did not indicate whether the motion was opposed or unopposed. (Doc. 9, 1-2). Barclay argues that these two actions are requirements in Appendix IV (B) of the ALND Uniform Initial Order Governing All Further Proceedings. The order that Barclay references is not clearly implicated, however, because FNB Talladega's has filed a *dispositive* Rule 12(b)(6) motion, which does not require consultation under the rule, and FNB Talladega only asks for a more definite statement in the alternative.

While the court does stress that cooperation between the parties and counsel for the parties is paramount, the court does not find that FNB Barclay acted inappropriately in filing this motion and does not find that FNB Talladega's motion should be denied on this basis.

## VII.  Conclusion

In summary, Plaintiff Margaret J. Barclay's Title VII and § 1981 claims alleging "unequal

15

treatment" by Defendant FNB Talladega fails to plausibly state a claim on which relief can be granted to the extent it is a separate claim from her failure to promote and termination claims. Further, Barclay's Title VII claim alleging that FNB Talladega denied her a promotion based on her race is not yet administratively exhausted. The remainder of Barclay's claims, including her § 1981 failure to promote claim, both plausibly state claims against FNB Talladega and are administratively exhausted. Finally, Barclay's complaint is not a "shotgun" complaint in need of reformation and FNB Talladega did not violate court orders such that its motion should be denied on that basis.

Thus, the court **GRANTS** FNB Talladega's motion to dismiss for Barclay's Title VII "unequal treatment" claim, § 1981 "unequal treatment" claim, and Title VII failure to promote claim and **DENIES** the remainder of FNB Talladega's motion. The court **DISMISSES** the insufficient claims **WITHOUT PREJUDICE**.

DONE and ORDERED this 28th day of October, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE