# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MARGARET J. BARCLAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **1:14-cv-01573-KOB** |
| ) | |
| **FIRST NATIONAL BANK OF** ) | |
| **TALLADEGA,** ) | |
| ) | |
| **Defendant.** ) | |

## OBJECTION TO MATERIALS SUBMITTED BY PLAINTIFF IN HER EVIDENTIARY SUBMISSION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c)(2), Defendant objects to and requests this Court strike or disregard portions of Plaintiff's Evidentiary Submission because they are inconsistent with her sworn testimony and/or representations to the Court, are not based on personal knowledge, are hearsay, do not present the best evidence, or are otherwise objectionable. In support of this objection, Defendant states the following:

1. Portions of Plaintiff's Declaration (Doc. 33-1) are objectionable because they are not based on personal knowledge. Fed. R. Civ. P. 56(c)(4) requires "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

a. Paragraph 3 contains statements that "Conway considered me as a quick learner…" and that "Conway also observed me training other employees." Plaintiff is not competent to testify as to another individual's opinion or another individual's experiences.

b. Paragraph 15 of Plaintiff's Declaration contains a detailed summary of Straw's career and educational background, down to her major when she studied college. This is quite obviously parroted from an unnamed source document and is not a product of Plaintiff's own knowledge.

c. Paragraph 21 of Plaintiff's Declaration alleges that Kristy Hall was a "non-qualified African-American" who was promoted to Bookkeeping Supervisor after 2012. Plaintiff offers no personal knowledge of either the qualifications the job required when it was posted (in fact, she testified she chose not to apply for it) nor does she offer any personal basis for knowing the qualifications Ms. Hall possessed. *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 6254108, *5, n. 18 (S.D. Ala.).

2. Paragraphs 10 and 11 of Plaintiff's Declaration contain speculative statements such as "I do not believe I ever stated…" and "I do not recall ever telling Moore." This formulation indicates that Plaintiff lacks specific personal knowledge to deny or rebut Moore's and Conway's recollections that Plaintiff refused to learn new job duties and refused to explore solutions to technical

problems. *Riley v. Univ. of Ala. Health Servs. Found., P.C.*, 990 F.Supp.2d 1177, 1188-89 (N.D. Ala.) (Hopkins, J.) ("A party's mere 'belief' and/or speculation is not based on personal knowledge and is not competent summary judgment evidence.").

    3.    Other portions of Plaintiff's Declaration are objectionable because they unambiguously contradict answers she has provided under oath at her deposition. "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

    a.    Paragraph 2 of Plaintiff's Declaration alleges that she was paid on a salary, not hourly, basis. Plaintiff has already clearly and unambiguously testified that she was paid on an hourly basis and received overtime pay, beginning in about 2008. (Doc. 28-1, Pltf., 49:12-16).

    b.    Paragraph 19 of Plaintiff's Declaration states that when the Bank announced Straw's selection as Bookkeeping Supervisor, Conway never told Plaintiff "'that the Bank had outgrown me.'" This is directly and unequivocally contradicted by her deposition testimony:

3

> Q: Did Betty Conway ever tell you that the bank had outgrown her and the bank had outgrown you in some of the changes that were taking place in technology?
>
> A: Yes, sir.

(Pltf., 120:22-121:3).

4. Paragraph 20 of Plaintiff's Declaration is hearsay and violates the best evidence rule and it also is irrelevant. In this paragraph, Plaintiff purports to attest to the result of a 2011 EEOC Charge regarding this promotion.

    a. This assertion is objectionable hearsay. Hearsay is a statement other than one offered by the declarant at the time of the testimony, that is offered to prove the truth of the matter asserted. Fed. R. Evid. 801. "Hearsay is inadmissible unless the statement is not hearsay as provided by Rule 801(d), or falls into one of the hearsay exceptions enumerated in Rules 803, 804, and 807." *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005). Plaintiff's testimony about the EEOC's finding—especially without attaching the finding as an exhibit to her declaration—is hearsay-within-hearsay and violates the best evidence rule. *Riley*, 990 F.Supp.2d 1177, 1188-89; *see also Lanier v. Bd. of Trs. of the Univ. of Ala.*, 2014 WL 657541, *5 (N.D. Ala.) (Acker, J.).

    b. This assertion is objectionable because this is not a Title VII case; the EEOC is not charged with investigating 42 U.S.C. §1981. Plaintiff

4

has consistently represented to this Court (and continues to do so in the Declaration) that she has never received a notice of right to sue from the EEOC. (Doc. 9, pp. 6-7). On the bases of these representations, this Court found that Plaintiff "has not yet exhausted administrative remedies for her *Title VII* failure to promote claim because Barclay has not yet received a right to sue letter for her 2011 EEOC charge…" (Doc. 10, p. 10) (emphasis in original).

5. In addition to the problematic portions above, Plaintiff's Declaration as a whole is objectionable because it does not comply with 28 U.S.C. 1746, which requires that a Declaration *conclude* with the Declarant's affirmation:

> I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature).

Instead, Plaintiff's Declaration begins with following statement, containing a mismatch of first-person and third-person statements: "Margaret Barclay, first being duly sworn, hereby states the following under penalty of perjury pursuant to 28 U.S.C. §1746. I declare under penalty of perjury that the following is true and correct based on my own personal knowledge." The 21 paragraphs of Plaintiff's Declaration follow this statement, then Plaintiff's signature and date. Given the speculation and contradiction within the Declaration (described above), the Court

5

could conclude that this is a failure not just of form but of function and exclude the Declaration in full. *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (affidavit must be excluded where the failure to conform with Section 1746 "allows the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods.").

6. The EEOC determination, Exhibit 19 (Doc. 33-19), is objectionable because it is irrelevant (explained at paragraph 4.b., *supra*.) and also because it has not been authenticated or otherwise shown to be admissible. Further, the determination is objectionable as more prejudicial than probative under Fed. R. Evid. 403. *Weathersby v. One Source Mfg. Technology, LLC*., 2009 WL 8747824, **2-4 (W.D. Tex.), *aff'd*, 378 Fed. Appx. 463, 465 (11th Cir. 2010). The determination appears to rest on just four fact findings, none of them showing intent to discriminate or racial hostility: that the position was not posted,[1] that there was alleged pre-selection,[2] that Plaintiff had more education and experience,[3] and

---

[1] The failure to post a position simply relieves Plaintiff of the obligation to apply for the position. It is not evidence of discrimination where, as here, an employer considers all employees in a department for the position. *Jenkins v. National Waterworks, Inc.*, 502 Fed. Appx. 830, 833-34, n.3 (11th Cir. 2012) (discussing *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133 (11th Cir. 1984)); (Doc. 28-5, Moore, ¶42; Doc. 28-2, Moore, 56:12-57:15).

[2] Pre-selection is not in and of itself discriminatory. *Floyd v. Elmore Cty. Bd. of Ed.*, 332 F.Supp.2d 1300, 1304 (M.D. Ala. 2004) (where one employee demonstrated an aptitude for computers, selecting her for additional training was not discriminatory grooming); *Dorrego v. Public Health Trust of Miami Dade Cnty.*, 293 F.Supp.2d 1274, 1286 (S.D. Fla. 2003) ("preselection does not necessarily violate Title VII if it is made on the qualifications of the preselected party.").

[3] Plaintiff herself has admitted that the EEOC was mistaken in this respect. (Pltf., ¶14 ("Straw obtained a greater degree of computer knowledge…"). Additionally, the determination fails to

that FNB did not employ black managers or supervisors at its three locations.[4] The last of these facts appears to have been critical, as the EEOC found reasonable cause only with respect to race, and not age, even though Straw was also younger than Plaintiff. The EEOC's factually flawed and legally groundless determination lacks probative value.

7.  Exhibit 16 (Doc. 33-16) of Plaintiff's evidentiary submission is objectionable because Plaintiff has not provided any basis for admissibility and also because it has been altered from how it was produced. Chip Moore testified at his deposition that a similar document was a memo by Chad Jones, but it was not established as a business record routinely kept in the course of business, nor has any other hearsay exception been established. (Moore, 107:17-108:20, PX-9). The document submitted by Plaintiff has been underlined. There is no explanation of how the underlining came to be on the document.

For the above reasons, Defendant objects to and requests the Court exclude Plaintiff's Declaration (Doc. 33-1) in full, or, alternatively, paragraphs 2, 3, 10, 11, 15, 19, 20, 21 of Plaintiff's Declaration; Exhibit 16 (Doc. 33-16); and Exhibit 19

---

meet the legal standard for being probative of discrimination, which requires a disparity of qualifications "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004); *see also Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006) (per curiam) (approving of language from *Cooper*).

[4] This fact seems particularly meaningless without information on the quantity of available promotions, demographics of eligible candidates, and demographics of the geographic area.

(Doc. 33-19) of Plaintiff's Evidentiary Submission in Opposition to Defendant's Motion for Summary Judgment.

                              Respectfully Submitted,

                              /s/ Whitney R. Brown
                              David J. Middlebrooks ASB- 8553-D58D
                              Whitney R. Brown ASB-4431-H71B

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND
 & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008

## CERTIFICATE OF SERVICE

     I hereby certify that on August 27, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                        Gregory O'Dell Wiggins, Esq.
                        Wiggins Childs Pantazis Fisher & Goldfarb, LLC
                        The Kress Building
                        301 19th Street North
                        Birmingham, AL 35203

                              /s/ Whitney R. Brown
                              OF COUNSEL

492754.docx